IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES I. VALENTINE,

    Petitioner,

v.

OHIO ADULT PAROLE AUTHORITY,[1]

    Respondent.

CASE NO. 2:19-CV-02663
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id.* With this standard in mind, and for the reasons that follow, these are the circumstances here. The Undersigned therefore **RECOMMENDS** that this action be **DISMISSED.**

---

[1] Petitioner identifies the State of Ohio as the Respondent; however, because he apparently has been released on post-release control, and is under supervision of the Ohio Adult Parole Authority ("OAPA"), the OAPA would be the proper party Respondent. *See* Advisory Committee Notes, Rule 2(b) of the Rules Governing § 2254 Cases in the United States District Courts.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner indicates that he was sentenced to 6 years pursuant to his guilty plea on the charge of aggravated robbery. He does not indicate the date of his conviction, or provide the name and location of the state court that entered the judgment against him. Moreover, Petitioner has filed an unsigned, undated, and unverified Petition under 28 U.S.C. § 2254.

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Further, Rule 2(c)(5) of the Rules Governing § 2254 Cases provides that the Petition must be signed under penalty of perjury by the petitioner or by a person authorized to sign it for him. Thus, this action is subject to dismissal on this basis.

Nonetheless, Petitioner indicates that he has never pursued any state court action. Thus, this action also appears to be unexhausted. Therefore, in the interests of judicial economy, rather than require the Petitioner to amend and re-submit this § 2254 action with his signature and the additional identifying information, it will be the Undersigned's recommendation to dismiss this action without prejudice as unexhausted.

## II. EXHAUSTION

Petitioner indicates that he has not pursued any state court action. His claim that his sentence including a provision of post-release control violates the Double Jeopardy Clause, would be properly be raised on direct appeal. Further, Petitioner may still pursue a motion for a delayed appeal under the provision of Ohio Appellate Rule 5(A). Therefore, this action remains unexhausted. *See, e.g.*, *Juan v. Warden, Chillicothe Correctional Institute*, No. 2:17-cv-1056, 2018 WL 1942272, at *3 (S.D. Ohio April 25, 2018) (habeas corpus petition subject to dismissal where the petitioner may still pursue a motion for a delayed appeal pursuant to Ohio Appellate

Rule 5(A)). A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). Petitioner has failed to meet this burden here.

### III. RECOMMENDED DISPOSITION

Therefore, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date:  July 15, 2019                              /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE